IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2020 FEB 24  A 11: 09
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| Willie James,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Equifax Information Services, LLC,<br>a Georgia limited liability company, and<br>Rice Banking Company,<br>an Alabama company,<br><br>　　　　Defendants. | Case No.:<br>3:20-CV-129<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, WILLIE JAMES, BY AND THROUGH COUNSEL, Matthew Landreau, and for his Complaint against the Defendants, pleads as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Opelika, Lee County, Alabama.

4. Venue is proper in the Middle District of Alabama, Eastern Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Opelika, Lee County, Alabama.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the state of Alabama; and

    b. Rice Banking Company ("Rice") is an Alabama company that conducts business in the state of Alabama.

## GENERAL ALLEGATIONS

7. Rice is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous scheduled monthly payment amount of $107.00 on Plaintiff's Equifax credit disclosure.

8. The account reflected by the Errant Tradeline was paid and closed. Plaintiff no longer has an obligation to make monthly payments to Rice.

9. On April 11, 2019, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradeline inaccurately reporting with an erroneous monthly payment amount.

10. On or about May 3, 2019, Plaintiff a submitted letter to Equifax, disputing the Errant Tradeline.

11. In his dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline was paid and closed. Plaintiff no longer has an obligation to make monthly payments Rice. Plaintiff asked Equifax to report the Errant Tradeline with the monthly payment amount of $0.00.

12. Equifax forwarded Plaintiff's consumer dispute to Rice.

13. Rice received Plaintiff's consumer dispute from Equifax.

14. Rice did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

15. In response to Plaintiff's dispute, Rice verified to Equifax that its reporting of its Errant Tradeline was accurate.

16. On or about May 8, 2019, Plaintiff received a correspondence from Equifax stating that its currently processing Plaintiff's previously submitted dispute for the Errant Tradeline and it will not be conducting further investigation into this particular account.

17. Plaintiff had not received Equifax's investigation results. Therefore, on July 15, 2019, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and Rice failed or refused to report the scheduled monthly payment amount as $0.00 on the Errant Tradeline.

18. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY RICE

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment amount, Rice negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

21. Rice negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC

4

1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

22. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

23. As a direct and proximate cause of Rice's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. Rice is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

25. Plaintiff has a private right of action to assert claims against Rice arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Rice for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY RICE

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Rice willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

28. Rice willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of Rice's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. Rice is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Rice for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

33. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

34. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

35. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

37. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

40. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

41. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

42. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

43. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

44. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: February 19, 2020

By: /s/ Matthew Landreau
Matthew Landreau
Georgia Bar No. 301329
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
*Attorneys for Plaintiff,*
*Willie James*